# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MOUNT ROYAL TOWERS** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 2:18-CV-01105-SGC** |
| ) | |
| **STERICYCLE, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## RESPONSE TO STERICYCLE'S SUPPLEMENT TO ITS MOTION TO DISMISS

Plaintiff Mount Royal Towers ("Mount Royal") responds to Defendant Stericycle, Inc.'s ("Stericycle") supplement to its motion to dismiss as follows:

## ARGUMENT

Stericycle rightly points out that this Court is bound to apply Alabama's choice-of-law rules. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Stericycle then explains how a federal court in Georgia must decide choice-of-law issues for claims arising under foreign statutes. *See Rayle Tech, Inc. v. DEKALB Swine Breeders, Inc.*, 133 F.3d 1405, 1410 (11th Cir. 1998). But Stericycle fails to inform the Court that Alabama has decided that rights arising under foreign statutes are enforceable in Alabama, so long as they do not conflict with Alabama's public policy. *See Summit Auto Sales, Inc. v. Draco, Inc.*, 2017 WL 3896691, at *6

32339577 v1

(N.D. Ala. September 6, 2017) ("Alabama enforces rights arising under other states' laws where those rights do not conflict with Alabama public policy.") (Bowdre, C.J.); *see also San Francisco Residence Club, Inc. v. Baswell-Guthrie*, 897 F. Supp. 2d 1122, 1172 (N.D. Ala. 2012) ("Although Alabama generally follows the principle of *lex loci delicti* when determining the substantive law that should govern tort claims asserted between citizens of different states in an Alabama forum, the location of the injury is not the only consideration taken into account."). Both *Summit Auto Sales* and *Baswell-Guthrie* rely on *Caine v. St. Louis & S.F.R. Co.*, 95 So. 876, 877 (Ala. 1923), in which the Alabama Supreme Court held that, "[w]hile it is recognized that the statutes of another state have no extraterritorial force, yet **rights acquired thereunder will always, in comity, be enforced**, if not against the public policy of the laws of the state where redress is sought." (emphasis added).

Most of Stericycle's argument can be dispensed with by review of *Summit Auto Sales*. In that case, Judge Bowdre held that the Maine Used Car Information Act and the Maine Unfair Trade Practices Act could apply where economic injuries were primarily felt in Alabama. *See* WL 3896691, at *6. As here, plaintiff in *Summit Auto Sales* alleged fraud claims, and the Court noted that they were governed by Alabama law because that is where the economic loss was suffered. *See id.* (citing *Glass v. S. Wrecker Sales*, 990 F. Supp. 1344, 1347-48 (M.D. Ala. 1998)). But the fact that Alabama law governed the fraud claims was no barrier to the application of

Maine statutory law. *See id.* Defendant there, like Stericycle, argued that Maine law could not govern tort claims alleging economic injuries felt in Alabama. *See id.* Defendant there, like Stericycle, "misapprehend[ed] the nature of [plaintiff's] UCIA claim, which detail[ed] a violation of *statutory*, rather than tort law." *Id.* (emphasis in original). As in *Summit Auto Sales*, Mount Royal is not precluded from asserting its rights under the ICFA based on the *lex loci delicti* doctrine.

One Alabama federal court has expressly rejected the argument that Alabama choice-of-law rules preclude enforcement of statutory rights arising under the Illinois Consumer Fraud Act. *See Perry v. Household Retail Servs., Inc.*, 953 F. Supp. 1370, 1376-77 (M.D. Ala. 1996) *on reconsideration sub nom. Canaday v. Household Retail Servs., Inc.*, 119 F. Supp. 2d 1258 (M.D. Ala. 2000), *aff'd sub nom. Perry v. Household Retail*, 268 F.3d 1067 (11th Cir. 2001). In *Perry*, defendant argued that "choice of law principles prevent the application of the Illinois Consumer Fraud Act to HRSI because the transaction at issue occurred entirely within the state of Alabama." *Id.* The Court, however, refused even to reach the choice of law argument "because the Illinois Consumer Fraud Act and the Alabama law of fraud by suppression and fraud by deceit do not conflict." *Id.*[1, 2] Taking into account the

---

[1] What is more, the Middle District of Alabama held that the ICFA applied to conduct of an Illinois corporation toward its non-Illinois consumers and refused to grant *summary judgment* on these grounds. *Perry*, 953 F. Supp. at 1377. There is no way that Mount Royal's ICFA count should be dismissed at the *motion to dismiss* stage.

[2] "If there is no conflict between the competing bodies of law, … the court need not decide which state's laws govern." *Lemuel v. Admiral Ins. Co.*, 414 F. Supp. 2d 1037, 1050 (M.D. Ala. 2006).

holdings of *Summit Auto Sales* and *Perry*, Stericycle's argument that the ICFA cannot apply to Alabama plaintiffs is wholly unpersuasive.

The only remaining issue is whether application of the ICFA in this instance would be contrary to Alabama public policy. Stericycle makes two threadbare arguments that it would: (1) that allowing Mount Royal to pursue both fraud and ICFA claims would offend Alabama Code § 8-19-15(b); and (2) that allowing a corporation to recover under the ICFA would offend Alabama public policy. (*See* Doc. 17, at 6-7.) The first argument can be dispensed with summarily. Alabama's Rules of Civil Procedure, and the Federal Rules, permit Mount Royal to plead its common-law fraud claims and its ICFA claims alternatively. *See* Ala. R. Civ. P. 8(e)(2); Fed. R. Civ. P. 8(d)(3); *Barcal v. EMD Serono, Inc.*, 2016 WL 1086028, at *5 (N.D. Ala. Mar. 21, 2016) ("Although the ADTPA's savings clause would preclude [plaintiff] from ultimately obtaining relief under both the ADTPA and her common law claims," the Federal Rules of Civil procedure allow inconsistent pleading and a claim should not be dismissed on these grounds). It does not offend Alabama public policy to plead common law and statutory claims in the alternative.

Stericycle's second argument, that because the ADTPA does not allow corporations to recover, corporations cannot recover under the ICFA, fares no better. No Alabama authority supports the proposition that Alabama's public policy prohibits Alabama entities from asserting rights arising under the ICFA. *See Summit*

*Auto Sales*, 2017 WL 3896691, at *6. Stericycle does point to *Ex parte Exxon Corp.*, 725 So. 2d 930 (Ala. 1998), where the Alabama Supreme Court refused to allow Alabama plaintiffs to represent a class under New Jersey's consumer fraud laws because the ADTPA prohibits individuals from bringing a class action for consumer fraud. *Id.* at 933. But the Alabama legislature has expressly memorialized its policy preference that the Alabama Attorney General, and not individuals, should bring class actions for consumer fraud. *See* Ala. Code § 8-19-10.

The Alabama legislature has not, on the other hand, memorialized as Alabama public policy that an Alabama corporation cannot assert rights arising under the consumer fraud law of another state when it is injured by a foreign corporation through conduct occurring primarily and substantially in that corporation's home state. Nor is there any indication that the Alabama legislature so intended to override the public policy of other states, like Illinois, that desire to liberally construe their consumer protection acts so as to protect all consumers and "to eradicate all forms of deceptive and unfair business practices." *Malooley v. Alice*, 621 N.E. 2d 265, 268 (Ill. Ct. App. 1993); 815 ILCS 505/11a (1998). Stericycle has pointed to no Alabama policy justification for that position, and Stericycle would have the Court extrapolate from the fact that only natural persons have standing under Alabama's DTPA that the Alabama legislature's public policy is to strip Alabama entities of rights afforded to them against out-of-state defendants by the consumer protection laws of other

states. This is a bold leap, and one better made by Alabama lawmakers. *See* Restatement (First) of Conflict of Laws § 612 (1934) ("No action can be maintained upon a cause of action created in another state the enforcement of which is contrary to the **strong** public policy of the forum.") (emphasis added).

## CONCLUSION

Stericycle's choice-of-law supplement adds nothing to its ineffectual ICFA arguments. For the reasons stated herein, and for all the reasons stated in Mount Royal's response in opposition to Stericycle's motion to dismiss, the Court should deny Stericycle's motion.

Respectfully submitted August 21, 2018.

                                                        s/ Jacob A. Burchfield
                                                        Edward L. Hardin, Jr.
                                                        Anthony C. Harlow
                                                         Benjamin B. Coulter
                                                        Jacob A. Burchfield

                                                        *Attorneys for Plaintiff*
                                                        MOUNT ROYAL TOWERS

OF COUNSEL:
BURR & FORMAN LLP
420 North 20th Street
Suite 3400
Birmingham, AL  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## **CERTIFICATE OF SERVICE**

 I hereby certify that I filed the foregoing via CM/ECF, which will effectuate service on the following counsel of record, on this the 21st day of September, 2018:

L. Conrad Anderson IV
Steven C. Corhern
Balch & Bingham LLP
1901 Sixth Avenue North, Ste. 1500
Birmingham, AL 35203
Telephone: (205) 251-8100

             *s/ Jacob A. Burchfield*
             OF COUNSEL